

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2002

# Montefusco v. ESPN Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3276

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Montefusco v. ESPN Inc" (2002). *2002 Decisions.* Paper 596.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/596

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3276
_____

JOHN MONTEFUSCO, JR.,

Appellant,

v.

ESPN INC; DORIS MONTEFUSCO

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 01-cv-01957)
District Judge:  The Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2002

BEFORE: NYGAARD, ROTH, and WEIS, Circuit Judges.

(Filed: September 20, 2002 )

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Plaintiff John Montefusco, Jr., appeals from the dismissal of his defamation claim against ESPN, Inc. Montefusco, formerly a major league baseball pitcher for the San Francisco Giants, the Atlanta Braves and the New York Yankees, and once the National League's "Rookie of the Year," was the subject of a telecast by the ESPN sports news show, "SportsCenter."

In the SportsCenter telecast, ESPN described criminal proceedings in New Jersey concerning charges against Montefusco by his ex-wife, Doris Montefusco, of sexual and physical violence. Doris Montefusco charged Montefusco with rape, threatened murder, and three attempts to seriously injure her with extreme indifference to human life. The ESPN broadcast noted that a jury found Montefusco not guilty of eighteen felony counts, but convicted him of assault and criminal trespass. Several times throughout the telecast, Montefusco's case was analogized to that of O.J. Simpson, "another ex-athlete accused of domestic violence."

Montefusco sued ESPN for defamation and made a claim for false light invasion of privacy. Both the defamation claim and the false light claim were based on identical grounds. Montefusco argues that the comparison with Simpson implies that Montefusco is guilty of the crimes of which he was acquitted.

The District Court dismissed Montefusco's claim from the bench, finding that the telecast was not defamatory and that the sports news program was privileged to report such a comparison.

We agree. The jury decides whether a statement is defamatory only when the trial court determines that "the statement is reasonably susceptible to both a defamatory and a non-defamatory meaning." Sedore v. Recorder Publ'g Co., 315 N.J. Super. 137, 145, 716 A.2d 1196, 1200 (N.J. App.Div. 1998).

In the instant case, none of the statements made in the sports news broadcast were defamatory: all of the statements related to the criminal charges were factually accurate, as was the comparison of Montefusco's case to Simpson's. We are satisfied as a matter of law that the telecast was truthful, and did not defame the Appellant. The District Court therefore did not err in dismissing Appellant's claims.

Appellant's theory of defamation-by-implication fails because the reported comparison does not imply that Montefusco is guilty of the crimes of which he was acquitted. Moreover, New Jersey has specifically held that there can be no libel by innuendo of a public figure where the facts in the challenged communication are true. De Falco v. Anderson, 209 N.J.Super. 99, 107, 506 A.2d 1280, 1284 (N.J. App.Div. 1986).

In addition, we find that the publication of the statements was privileged. Pursuant to New Jersey's "fair report privilege," ESPN's presentation was "accurate and complete," and did not mislead viewers as to the Simpson case or Montefusco's circumstances. Sedore, 716 A.2d at 1203-04.

The judgment of the District Court will be affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.



Richard L. Nygaard
Circuit Judge